UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE Y. GRAY,<br><br>             Plaintiff,<br><br>      v.<br><br>ERIC K. SHINSEKI,<br><br>             Defendant. | Case No.: C-12-03109 JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND [Docket No. 23]** |

## I.    INTRODUCTION

Plaintiff Rochelle Y. Gray brings this civil rights action against Eric K. Shinseki, Secretary of Department of Veterans Affairs, contending Defendant discriminated against her in the workplace based on race, sex, color, national origin, and age in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 *et seq.*  Defendant filed a Motion to Dismiss ("Motion") seeking dismissal of the Complaint, in its entirety, on the ground that Gray failed to timely file the Complaint in this action within the ninety days allowed by federal statute.  The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the motion hearing set for Friday, June 14, 2013.  For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES the Complaint with prejudice.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Factual Allegations

On June 15, 2012, Gray filed a Complaint ("Compl.") as a *pro se* plaintiff. She alleges she was discriminated against on the basis of race, sex, color, national origin, age, and reprisal in her employment as a pharmacist with the U.S. Department of Veterans Affairs ("Agency") when she was reassigned from the Livermore Division to the Menlo Park Division on or about August 6, 2009. Compl. at 1-2; Plaintiff's Response to Motion ("Opp.") ¶ 7. Plaintiff asserts that a younger, non-African American pharmacist was assigned to her previous job in Livermore when she, a senior pharmacist and the only African-American pharmacist in Livermore, was reassigned. Compl. at 2.

Plaintiff's claim was considered first by an Administrative Judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC"), who issued a decision in favor of the Agency. *Id.* at 4. Plaintiff appealed the AJ's decision, which the EEOC affirmed in *Rochelle Y. Gray v. Department of Veterans Affairs*, EEOC Appeal No. 0120112673 (Sept. 16, 2011). *Id.* Plaintiff then requested the EEOC reconsider its appellate decision. *Id.* The EEOC denied Plaintiff's request for reconsideration, which exhausted her right to administrative appeal of the decision. *Id.* at 5. The EEOC issued a Notice of Right to Sue letter on March 9, 2012. *Id.* The letter, a copy of which Plaintiff filed with the Complaint, advised Plaintiff of her right to file a civil action within ninety calendar days from the date she received the letter. *Id.* Plaintiff attests that she received the EEOC's letter on March 15, 2012. *Id.* at 3.

### B. Defendant's Motion to Dismiss

On April 5, 2013, Defendant filed the instant Motion seeking dismissel of the Gray's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Motion at 1-2. Defendant contends Gray did not file the Complaint within ninety calendar days of receiving the Right to Sue letter from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1). *Id.* at 2. Defendant argues Gray would have had to file a complaint by June 13, 2012, in order for the Court to consider it timely filed. *Id.* at 3. Defendant

1  asserts that the Complaint is time-barred from the Court's consideration because Plaintiff filed it
2  on June 15, 2012.  *Id.*

3  Defendant contends that the Ninth Circuit strictly enforces the ninety-day time
4  requirement, as does the Northern District of California.  *Id.* at 4-5.  Defendant asserts that *pro se*
5  plaintiffs are treated no differently than represented plaintiffs in such matters and urges the Court
6  to strictly enforce the time limit in spite of Plaintiff's *pro se* status.  *Id.*  Defendant further argues
7  that Gray cannot cure the alleged deficiency by amending the Complaint and asks the Court to
8  dismiss Plaintiff's Complaint without leave to amend.  *Id.* at 5.

9  On April 22, 2013, Gray filed a Response to the Motion.  Gray discussed the facts of the
10 alleged discrimination at length.  However, she offered no explanation for failing to timely file
11 her Complaint in this action.   Defendant filed a Reply on April 25, 2013.

## III. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party."  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).   While a plaintiff's burden at the pleading stage is relatively light under  Rule 8(a) of the Federal Rules of Civil Procedure, to survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

## IV. DISCUSSION

### A. Statutory and Legal Authority

The limitation period for filing a Title VII civil rights claim is ninety days from the date of receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383-84 (9th Cir. 1997).   Where there is no equitable tolling of the

1   limitation period, courts strictly enforce the ninety-day period. *See, e.g., Scholar v. Pacific Bell*,
2   963 F.2d 264 (9th Cir. 1992) (holding that Title VII claim was time barred where complaint was
3   filed ninety-three days after plaintiff received right-to-sue letter); *Payan v. Aramark*
4   *Management Services L.P.*, 495 F.3d 1119, 1121 (9th Cir. 2007) (same); *Hemenway v. Shinseki*,
5   2012 WL 2792440, at *10 (N.D. Cal. July 9, 2012) (same); *Samiere v. San Francisco Unified*
6   *School District*, 2007 WL 2214039, at *3 (N.D. Cal. Oct. 9, 2007) (holding that Title VII claim
7   was time barred where complaint was filed one day late).

8   Although the ninety-day period is subject to equitable tolling, that doctrine is "applied
9   sparingly." *Scholar*, 963 F.2d at 268. Circumstances that have been found to give rise to
10  equitable tolling include inadequate notice, a pending motion for appointment of counsel and the
11  court leading a plaintiff to believe she has done everything required of her. *Baldwin County*
12  *Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). On the other hand, the Court in *Baldwin*
13  made clear that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that
14  lack of diligence." *Id*. The Court further cautioned that "[p]rocedural requirements established
15  by Congress for gaining access to the federal courts are not to be disregarded by courts out of a
16  vague sympathy for particular litigants." *Id.* at 152.

17  A plaintiff's *pro se* status does not mean she should be treated differently than a plaintiff
18  represented by counsel. *Payan*, 495 F.3d at 1127 ("Payan's pro se status does not afford her
19  different treatment under these standards."). Both the *Payan* and *Baldwin* plaintiffs were *pro se*,
20  and both were subject to strict enforcement of the statute of limitations. Moreover, "[a] pro se
21  plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *Guevara v. Marriott*
22  *Hotel Servs.*, 2013 WL 1164961, at *6 (N.D. Cal. Mar. 20, 2013); *see also Reyes-Vanegas v.*
23  *EEOC*, 2007 WL 2019561, at *2 (N.D. Cal. July 6, 2007).

24  **B.   Application**

25  In the Complaint, Plaintiff alleges that she received the right-to-sue letter from the EEOC
26  on March 15, 2012. Compl. at 2. Thus, it is undisputed that March 15, 2012 is the appropriate
27  starting date for calculating the limitations period. Using that date, the ninety-day period ended
28

1  June 13, 2012, which was not a holiday or weekend.  Plaintiff filed the Complaint on June 15,
2  2012, two days later.  *Id.* at 1.  Therefore, the Court finds that the Complaint was not timely filed.
3  Further, Plaintiff does not allege in the complaint or suggest in her Opposition brief that
4  there are grounds for finding equitable tolling.  Indeed, she offers no explanation of her failure to
5  timely file the complaint in this action.  Nor does her April 11, 2013 letter to the Court suggest
6  that there is any basis for finding equitable tolling.  Rather, the Court finds that Plaintiff's
7  untimely filing of her Title VII claim reflects a lack of diligence and that the doctrine of equitable
8  estoppel does not apply.  Accordingly, Plaintiff's Complaint is subject to dismissal on the basis
9  that it is time-barred.  Further, because the Court finds that amendment of Plaintiff's Complaint is
10 futile, the Court dismisses Plaintiff's complaint with prejudice.  *See Dept. of Fair Emp't. &*
11 *Hous. v. Law Sch. Admiss. Council, Inc.,* 2013 WL 485830, at *7 (N.D. Cal. Feb. 6, 2013) (leave
12 to amend need not be given if amendment would be futile);  *Lal v. Henderson,* 2004 WL 724920,
13 at *2 (N.D. Cal. March 24, 2004) (dismissing complaint with prejudice because failure to file
14 within ninety days cannot be cured by amendment).

### V.   CONCLUSION

For the reasons stated above, the Motion is GRANTED.  Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: May 6, 2013

_____
Joseph C. Spero
United States Magistrate Judge